# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE:  DAVID S. HARTWIG and
SHARON HARTWIG for Exoneration
from or Limitation of Liability as
Owners of that Certain 2004 28 Foot 2 Inch                6:06-cv-1232-Orl-18UAM
Chaparral Motor Vessel,
Hull ID NO. FGBA0602c404,
Official No. 1156131,

                              Petitioners.

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions:

| MOTION: | MOTION FOR EXTENSION OF TIME TO FILE ANSWER OR OTHERWISE PLEAD BY RICHARD A. TAYLOR, CHERYL M. TAYLOR (Doc. No. 24) |
|---|---|
| FILED: | April 9, 2007 |

THEREON it is **RECOMMENDED** that the motion be **GRANTED**.

| MOTION: | MOTION TO ENFORCE DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, MOTION IN OPPOSITION TO THE TAYLOR'S MOTION TO ENLARGE THE MONITION PERIOD AND TO LIFT THE INJUNCTION (Doc. No. 26) |
|---|---|
| FILED: | April 23, 2007 |

THEREON it is **RECOMMENDED** that the motion be **DENIED**.

## I.     PROCEDURAL HISTORY

Stephanie Nicole Moeller and Scott Michael Moeller died in a boating accident on June 19, 2005. Docket 1 at ¶ 14. The Moellers' boat was moored in the middle of two other boats; on one side was a boat owned and/or operated by David S. Hartwig and Sharon White-Hartwig, and on the other side was a boat owned and/or operated by Richard A. Taylor and Cheryl M. Taylor. Docket 1 at ¶ 11, 12; Docket 24 at ¶ 2. The Moellers' death was caused by accumulation of fatal levels of carbon monoxide while they slept. Docket 1 at ¶¶ 13, 14.

On June 7, 2006, Peggy E. Craig as personal representative of the estate of Scott Michael Moeller filed a wrongful death action in the Ninth Judicial Circuit of the State of Florida in and for Orange County, Florida styled as *Peggy E. Craig as Personal Representative of the Estate of Scott Michael Moeller v. David S. Hartwig and Sharon White-Hartwig*, Case No. 06-CA-4610 ("the Craig complaint"). Docket 1 at ¶ 5. The Craig complaint alleges that the exhaust from the in-board generator on the Hartwigs' vessel exited into the Moellers' vessel and caused their deaths. Docket 1 at 16.

On July 21, 2005, Susan E. Crampton as personal representative of the estate of Stephanie Nicole Moeller filed a wrongful death action in the Ninth Judicial Circuit of the State of Florida in and for Orange County, Florida styled as *Susan E. Crampton as Personal Representative of the Estate of Stephanie Nicole Moeller v. David S. Hartwig and Sharon White-Hartwig*, Case No. 06-CA-5938 ("the Crampton complaint"). Docket 1 at ¶ 6. The Crampton complaint also alleged that the exhaust from the in-board generator on the Hartwigs' vessel exited into the Moellers' vessel and caused their deaths. Docket 1 at 21-22.

On August 16, 2006, the Hartwigs filed in this Court a Complaint for Exoneration From or Limitation of Liability ("the Hartwigs' complaint").  Docket 1.  The Hartwigs' complaint seeks to limit any liability assessed against them for any losses or injuries as a result of the June 19, 2005 voyage (including the Moellers' deaths) to the value of the involved vessel pursuant to federal admiralty law.  The Hartwigs denied liability for any losses or injuries and claimed unidentified affirmative defenses.  Docket 1 at ¶¶ 16-17.  The Hartwigs' complaint identified the Taylors as potential claimants in the action, and persons to whom individual notice of the action would be given. Docket 1 at ¶ 23.

On September 21, 2006, the Court ordered the Hartwigs to serve notice upon all potential claimants identified in the Hartwigs' complaint on or before October 16, 2006.  Docket 8.  Any claimant desiring to contest either the right to exoneration from or the right to limitation of liability, was required to file and serve on the attorneys for the Hartwigs a separate answer to the Complaint on or before November 15, 2006. Docket 8.  The Court further ordered:

> that this admiralty action is the sole action in which a claimant may pursue any claim against or recover any damages from Petitioners for or in respect of any loss, damage, injury or destruction caused by or resulting from the June19, 2005 voyage as alleged in the Complaint. This Court **RESTRAINS, STAYS, AND ENJOINS** the commencement or continued prosecution of all other actions, suits, proceedings, and motions against Petitioners arising out of the June 19, 2005 voyage and incident until further order of this Court. Nothing in this Order prohibits claims and recoveries against parties other than the Petitioners.

Docket 8 at 2.  On October 19, 2006, the Hartwigs filed a Notice of Compliance, stating that the Taylors (among others) had been given the required notice of this action.  Docket 10.

On October 24, 2006, the Hartwigs moved to lift the stay for the limited purpose of enabling Craig and Crampton to dismiss their claims against the Hartwigs that were alleged in the Craig complaint and Crampton complaint. Docket 11 at ¶¶ 9-15. On October 25, 2006. the Court granted the motion. Docket 12.

On November 17, 2006, the Hartwigs moved for default judgment against all persons and entities who had not filed a claim in the action. Docket 17. The Court granted the motion on December 7, 2006. Docket 21.

On December 7, 2006, the parties filed a stipulated motion to stay proceedings on the Hartwigs' complaint, with the ability of either party to reopen the case at any time. Docket 22 at 2. The Court granted the motion on December 12, 2006. Docket 23.

On April 9, 2007, the Taylors moved to enlarge the time period to file a claim in the Limitation of Liability proceeding and to lift the injunction against the state court action (sic). Docket 24 at 1. The Taylors admit that they received notice of the limitation action as stated in the Hartwigs' Notice of Compliance. Docket 24 at ¶ 6. The Taylors claim that they had no notice of any potential claim against them related to the event on June 19, 2005, until Chaparral Boats, Inc. served them with a Third Party Complaint in the Craig case on February 3, 2007. Docket 24 at ¶ 8; Docket 24-4. On April 23, 2007, the Hartwigs moved to enforce the default judgment or, alternately, to deny the Taylor's motion. Docket 26. Chaparral Boats does not oppose the Taylor's motion.

-4-

## II.   ANALYSIS

### A.   <u>Filing of a Late Claim</u>

Supplemental Admiralty Rule F(4) ("Rule F(4)") grants courts discretion to allow the filing of a late claim in a limitation of liability proceeding "for cause shown." Petitioners argue that the Court should deny the Taylors' motion to file a late claim because the Taylors cannot show "good cause" because they had actual notice of the limitation proceeding and failed to file their claim during the monition period.

The United States Court of Appeals for the Eleventh Circuit has not addressed whether Rule F(4)'s requirement of "for cause shown" means "good cause." The United States Court of Appeals for the Seventh Circuit rejected such an interpretation a few years ago, finding that the "cause" required by Rule F(4) is minimal, and "an explanation rather than a justification for the delay will suffice." *Alter Barge Line, Inc. v. Consolidated Grain & Barge Co.*, 272 F.3d 396, 397 (7th Cir. 2001). Thus, the Seventh Circuit found that negligence of the claimant or the attorney will meet the minimal cause requirement. *Id.*

Petitioner's cite the decision in *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359 (5th Cir. 1963),[1] which affirmed the district court's finding that "good cause" did not exist where the claimant had received actual notice of the limitation proceeding. *Id.* at 362. Although the court agreed good cause was lacking, it did not state that Rule F(4) required "good cause" as opposed to "cause." Indeed, the guiding principles announced in the decision emphasized a balancing of the equities. Thus, "so long as the limitation proceeding is pending and undetermined, and the rights of

---

[1] In *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981.

the parties are not adversely affected, the court will freely grant permission to file late claims . . . upon a showing of the reasons therefor." *Id.* at 362 (citations omitted). While the Fifth Circuit agreed with the lower court that the claimants failed to establish good cause, it nevertheless found that equity supported allowing the late claim. *Id.* at 362-63.

Petitioners argue that the subsequent non-precedential Fifth Circuit decision in *River City Towing Serv., Inc. v. Craig*, 420 F.3d 385 (5th Cir. 2005), stands for the proposition that a person attempting to file a late claim must show a lack of actual notice of the limitation proceeding during the monition period. Petitioners' argument is based on dicta that has been misconstrued. In *River City Towing*, the plaintiff failed to offer *any* evidence to support their reasons for filing of a late claim. *Id.* at 387-88. Because no reason was offered for the failure to file within the monition period, the court did not analyze whether the equities supported a late filing. *Id.* at 387. The court, however, reaffirmed that even if the claimants had received constitutionally satisfactory notice of the limitation proceeding, the court could conclude that a balancing of the equities favors the late claimant. *Id.* at 388.

The case that best supports Petitioners' argument is *In re Kirby Inland Marine*, 365 F. Supp. 2d 777 (M.D. La. 2005). In that case, the court had allowed an amended claim to include additional claimants after the monition period had ended, but denied leave to file a third and fourth amended claim. The court found that the claimants "failed to set forth specific, credible, and sufficient reasons why the claims were sought to be filed late." *Id.* at 782. The court noted that the case was well publicized, the claimants had been allowed ample time to submit a claim, one late claim had been allowed, and the subsequent late claims were being presented by the same attorneys who had

previously been allowed to file a late claim. *Id*. The court found that, under these circumstances, it would set a "bad precedent" to allow additional late claims. *Id*.

The Taylors' claim is distinguishable from the situation in *In re Kirby Inland Marine*. In this case, no prior late filings have been permitted. Applying the principles enunciated in *Texas Gulf Sulphur*, the Taylors have shown cause for their late filing as required by Rule F(4). Perhaps the Taylors should have had the prescience to predict that, because they were moored on the other side of the Moellers' boat, either the Hartwigs or Chapparal Boats might try to shift the blame for the Moellers' deaths to them. Instead , they were lulled into a false sense of security when the Moellers' estates placed the blame on the Hartwigs' vessel.

The Hartwigs do not even attempt to show that they will be prejudiced if the Taylors are permitted to file a late claim. The limitation proceeding has been stayed since December 12, 2006, so the action clearly is pending and undetermined. Given the that admiralty claims are to be "administered with equitable liberality," the default judgment against the Taylors should be set aside, and they should be permitted to file a late answer to the complaint. *See, Texas Gulf Sulphur*, 313 F.2d at 362.

## B.    Lifting of the Injunction

The Taylors also move the Court to lift the injunction as it relates to the pending state court actions so that Chapparal Boats' third party complaint against the Taylors for indemnity and contribution may be adjudicated in that forum. The Taylors submit that the stipulations they offer in their affidavits satisfy the requirements of *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032

(11th Cir. 1996), and will protect the limitation complainants.  No party has filed any argument opposing lifting of the injunction.  The motion, therefore, should be granted as unopposed.

**IT IS RECOMMENDED THAT**:

1.      The Court deny the Petitioner's motion at Docket 26 to enforce the default judgment, and set aside the default judgment as to Richard A. Taylor and Cheryl M. Taylor;

2.      The Court grant the Taylors' motion at Docket 24 to permit the filing of a late claim and answer within ten days of the district judge's adoption of this recommendation;

3.      The Court accept the stipulations offered by the Taylors and lift the injunction to permit Chapparal Boats' third party complaint against the Taylors, and any counterclaim by the Taylors may file against Chapparal Boats, to proceed in state court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 21, 2007.

DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

-8-